———o———

## YATER and Another *v.* MULLEN.

EVIDENCE—DISCRETION OF THE COURT.—Suit to recover the value of a steam-engine and the machinery of a saw-mill, which had been converted by the defendants. The court below suppressed so much of a deposition as contained the testimony of a witness as to the value of the property when he saw it, about a year after the conversion.

*Held,* that the ruling was proper. Page 563.

*Held,* also, that in the absence of more direct methods of reaching the truth, and upon the statement of counsel for the party that he expected to produce other evidence requisite to connect it with the case, it might have been error to have suppressed this part of the deposition. But, the record being silent, the presumption is that no such professional assurance was given, and that the court below exercised properly the discretion with which it is vested as to such matters in trials at *nisi prius.* Page 564.

EVIDENCE—FIXTURES.—The plaintiff claimed the property by virtue of a purchase from a third person who had erected a mill on the land of *B,* in pursuance of a parol contract with him, to the effect that he was to erect the mill, and *B* was to convey to him an undivided half of the land, and become the owner of half of the mill; but this contract was not to go into effect unless *B* discharged a judgment against him, which was a lien on the land. If he did not do so, the mill was to remain the property of plaintiff's vendor. The judgment was not paid; the land was sold on execution to satisfy it, and purchased by the vendor of the defendants. The mill was not estimated in appraising the land, and at the sale the sheriff publicly stated that the mill was not being sold.

*Held,* that a motion to suppress so much of the deposition of *B* as gave the parol contract was correctly overruled.

*Held,* also, that such a parol contract would, if followed by the possession, create the relation of landlord and tenant, and give the tenant all the rights attaching to that character, concerning fixtures erected by him for the purposes of manufacture, even in the absence of a special contract looking to their removal. Page 565.

EXCESSIVE DAMAGES.—The Supreme Court will not interfere with a verdict

Yater and Another *v.* Mullen.

on the ground of excessive damages, unless it appears from the evidence that the damages assessed are outrageous at the first blush.  Page 565.

PARTIES—TESTIMONY—DILIGENCE.—The defendants made application for a new trial, supported by affidavit, showing that, owing to the illness of the judge, it was apprehended he would not be present at the term of the court at which the cause was set for trial, and a groundless rumor prevailed that one of defendants' counsel would hold the court; one of the defendants inferring, hence, that the case would not be tried at that term, started to *Indianapolis* on the morning of the first day of the term, expecting to return in time to testify in the cause, but was delayed by an accident, which prevented his making connections on the railroad, so that he did not reach court in time to testify.

*Held,* that a witness subpœnaed, not a party, who would deprive a party of his testimony under such circumstances, would be liable to damages to the party injured by his non-attendance, and would besides be at the mercy of the court for his contempt of its process.

*Held,* also, that a party wishing his own testimony must be held to all the diligence which the law requires of an indifferent witness.  Page 566.

APPEAL from the *Ripley* Circuit Court.

FRAZER, J.—Suit to recover the value of personal property of the plaintiff alleged to have been converted by the defendants.  Judgment for the plaintiff.

The property alleged to have been converted, was a steam-engine, boiler, and machinery of a saw-mill.

The deposition of a witness for the defendants was taken, who saw the property about one year after the suit was brought, and who states its value when he saw it, and gives a description of it, and its value when new.  So much of it as gives the value of the property when the witness saw it was suppressed, on motion, and this is assigned for error.

It is claimed that this was proper evidence to go to the jury, because it might appear by other evidence that the property had undergone no change in condition or value during the intervening period.  We know, however, that such property, whether used or not, must, during the lapse of a year, be somewhat deteriorated.  The laws of physics render this inevitable.  The fact to be ascertained was the value of the property when the suit was brought.  In the very nature of things this could be shown by more

direct evidence.   To admit this and the additional evidence suggested, and certainly required to give it any weight in the case, would be to extend the inquiry to a multitude of collateral issues, not necessary to be determined in order to reach the truth concerning the question actually in controversy.   Its bearing was, in our opinion, very remote.   Its tendency, standing alone, must have been to obscure rather than illustrate the subject. We do not mean to say, however, that the evidence could not be legitimate in any case.   In the absence of more direct methods of reaching the truth, and upon the statement of the counsel of the party that he expected to adduce the other evidence requisite to connect this with the case, it might have been error to suppress this part of the deposition.   But in this case no such professional assurance was given to the court below, and the case is presented to us as one in which it was proposed simply to offer proof of the value of the property one year after its conversion, without any expectation of showing also that during that period no change had occurred in its condition or value.   This we must presume in support of the ruling below, the record not showing the contrary.   In that case the court properly exercised that discretion with which it is necessarily vested as to such matters, and without the enlightened use of which a trial at *nisi prius,* instead of being a well-conducted effort to reach the truth by the verdict of a jury, would be a mere method of defeating justice, by allowing the point in question to be hidden from view by a cloud of irrelevant matter.   *Standish* v. *Washburn,* 21 Pick. 237.

The plaintiff claimed the property by virtue of a purchase from a third person, who had erected the mill upon the land of one *A. J. Mullen,* in pursuance of a parol contract with him, to the effect that he was to erect the mill on the land, and *A. J. Mullen* was to convey to him an undivided half of the land, and become the owner of half the mill; but this contract was to have force only provided

*A. J. Mullen* should discharge a judgment against him, which was a lien on the land; if he did not do so, the mill was to remain the property of the plaintiff's vendor. The judgment was not paid; the land was sold on execution to satisfy it, and purchased by the vendor of the defendants. The mill was not estimated in appraising the land; and at the sale the sheriff publicly stated that the mill was not being sold; that it was personal property, and did not belong to the execution defendant. The defendants took a warranty deed for the land, with stipulations therein that, as to the mill, they assumed all risk of title; and the consideration mentioned in the deed to them indicates that they paid only the value of the land.

A motion to suppress so much of the deposition of *A. J. Mullen* as gives the parol contract, was made and overruled, and this is assigned for error.

The argument of the appellant is, that such a contract in parol is void by the statute of frauds. So far as it was a contract for the sale of real estate, this may be conceded; but it would not follow that it would not be proper evidence, even in a suit to compel a conveyance of the land; for it is well settled that circumstances might exist which would take it out of the statute. But this was not such a suit. Here the plaintiff seeks to prove his title to the machinery as personal property. To this end this evidence was offered. Such a parol contract would, if followed by possession, create the relation of landlord and tenant, and give the tenant all the rights attaching to that character, concerning fixtures erected by him for the purposes of manufacture, even in the absence of a special contract looking to their removal. We can not find error in the action of the Circuit Court upon this point.

Excessive damages are urged against the action of the court below in refusing a new trial. We see nothing in the evidence which would enable us to interfere on this ground, without a disregard of the well-established rule which binds us as an appellate court. The value of the

property in controversy was put by witnesses at various sums, from $2,600 down to $800. In this condition of the evidence we could not say that the damages assessed appear outrageous at first blush. *Piquet* v. *McKay*, 2 Blackf. 465.

Another reason assigned below for a new trial is insisted upon as sufficient to justify a reversal of the case. The facts were established by affidavits supporting the motion. It was thus shown that owing to a recent illness of Hon. *Joseph W. Chapman*, judge of the *Ripley* Circuit Court, it was apprehended that he could not be present at that term; that on the first day of the term, and for some days prior, a groundless rumor prevailed that Hon. *A. C. Downey*, one of the defendants' counsel, would hold the Court; that one of the defendants, informed of Judge *Chapman's* illness, and that he could not hold the Court, and inferring that Mr. *Downey* would do so, from the fact that he had held the Court in *Ohio* county, and that hence the case would not be tried at that term, started to *Indianapolis* on the morning of the first day of the term, expecting to return by railroad in time to testify as a witness in the cause; that an accident to a freight train so delayed his return, by preventing the passing of the passenger train, that he did not reach Court in time to testify; that he would have testified that the property was not worth over $800, and that no demand had been made therefor before the commencement of the suit, as a witness for the plaintiff had testified; that by his absence his interests were greatly prejudiced, in consequence of the recent employment of counsel to take the place of those first employed, who were absent. The affidavit of one of his attorneys shows that he consented to enter upon the trial, in the confident expectation that the defendant would return from *Indianapolis* in time to testify.

Parties by statute may be witnesses for themselves; but the witness subpœnaed, not a party, who would deprive a party of his evidence, by such circumstances as the defendant in this case shows to excuse his own absence, would

be liable in damages to the party injured by his non-attendance, and would, besides, be at the mercy of the court for his contempt of its process. Surely a party wishing his own testimony must be held to all the diligence which the law requires of an indifferent witness. He went to a distant point, knowing that he could not return in time to testify, unless every railroad connection should be made on time. He allowed no room for such accidents and detentions as he must have known are not uncommon. He voluntarily, and, so far as is disclosed, without any urgent necessity for it, took the needless risk. If the consequences have proved to be unfortunate, it is solely because he failed to be guided by that prudence and forethought, which the law requires of every suitor in court, in preparing to try his cause. Diligence is required of the party that justice may be administered without delay, and the court could not properly relieve him from the consequences of his own neglect of his interests.

Judgment affirmed, with one-fourth of one per cent. damages and costs.[1]

*A. C. Downey,* for appellant.

[1] NOTE BY THE COURT.—There was no argument for the appellee.