## THE INDIANAPOLIS, BLOOMINGTON, AND WESTERN RAILROAD CO. v. MILLIGAN.

RAILROAD.—*Ejection of Passenger.*—*Damages.*—The conductor of a railroad train took up the ticket of a passenger which entitled him to ride to a certain place, and, having given him no check, afterward when within a few miles of such passenger's destination accused him of attempting to ride beyond the distance for which he had paid, charged him with falsehood, and treated him insolently in the presence and hearing of the other

passengers, and, with the help of a brakeman, seized said passenger and put him off the train in a rude and angry manner, at a place where there was no station or house, it being cold and dark and being about nine o'clock at night, and the passenger had to walk to his destination. In an action by said passenger against the railroad company for damages for such treatment, there was a verdict for the plaintiff for seven hundred dollars. *Held*, that the damages were not excessive.

SAME.—*Evidence.*—Where the complaint in such action did not allege any mental sufferings of the plaintiff, it was error to allow him, over objection, to prove the delicate condition of his wife awaiting his arrival at his destination and his consequent distress of mind on her account.

From the Hendricks Circuit Court.

*C. W. Fairbanks,* for appellant.

*Ritter, Walker & Ritter,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, for damages sustained by him from being put off a train of passenger cars, on which he was travelling on the road of the company. The appellee purchased a ticket at Indianapolis entitling him to travel from that place to Pittsboro, in Hendricks county, Indiana. The train left the depot at Indianapolis about eight o'clock P. M. When about three miles out, the conductor took up his ticket, but gave him no check. When within about three miles of his destination, the conductor accused him of attempting to ride beyond the distance for which he had paid, charged him with falsehood, and treated him with insolence in the presence and hearing of the other passengers, and, with the help of a brakeman, seized the plaintiff and in a rude and angry manner put him off the train, at a place where there was no station or house of any kind, it being then cold and dark and about nine o'clock at night. There was no road at the point, and the track of the railroad was not ballasted between that point and Pittsboro; that he had to walk through the dark and cold from that point to Pittsboro; that his feelings were greatly outraged and mortified, and he was greatly humiliated by said treatment, and was bruised in his person by such forcible ejectment from the train; wherefore, etc.

Issue having been formed upon the complaint alleging these

facts, there was a trial by a jury and a verdict for seven hundred dollars in favor of the plaintiff.

A motion for a new trial was overruled, and there was final judgment for the plaintiff.

The refusal to grant a new trial is the error alleged.

But two questions are presented and discussed under this assignment. The first is, that the damages were excessive. The evidence on the part of the plaintiff disclosed about the state of facts stated in the complaint. We think we cannot disturb the judgment on account of the amount of the damages.

The other question is this: The plaintiff proposed to prove, on the trial, that at the time when he was put off the cars his wife, then at home at Pittsboro, was pregnant and within four months of confinement, and that after his ejectment from the cars he had much anxiety and distress of mind on her account, he believing that she would be much affected by his failure to arrive on the train, and the report that would reach her by other passengers that he had been put off the train. The defendant objected to this, because it was irrelevant and incompetent, but his objection was overruled, and the evidence was given to the jury. Was this an error?

Inasmuch as there is no allegation of mental sufferings of the plaintiff in the complaint, under which this evidence could properly have been admitted, without deciding what might have been the case had there been such allegation, we hold that it was error to admit the evidence.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.