The Pennsylvania Company v. Bray.

Filed Sept. 26, 1890.

———◆———

No. 14,477.

## THE PENNSYLVANIA COMPANY v. BRAY.

RAILROAD.—*Round-Trip Ticket.*— *Wrong Coupon Taken by Conductor.*—*Passenger's Explanation on Return Trip.*—*Instructions.*—A passenger on a train to Mooresville from Indianapolis presented to the conductor the going instead of the returning coupon of a round-trip ticket from M. to I. which he had purchased at M. three days before. The coupon was refused by the conductor who informed him that it was the wrong end. Upon the refusal of the passenger to pay his fare he was ejected from the train. The passenger in an action for damages testified that upon the conductor informing him that the coupon presented was the wrong end, and refusing to accept it, he explained that it was the first knowledge he had of the mistake, and that it was the mistake of the conductor on the trip to I. who had taken the wrong end. The defendant contended that no explanation was made. Upon these facts, the jury were told in effect, by two instructions, when taken together, that if the conductor retained the wrong coupon the passenger would have the right to rely on his act, and would be entitled to use the other end on the return trip, but that without an explanation he had no right to be carried, and that upon his refusal to pay his fare the conductor would be justified in ejecting him.

*Held*, there was no error.

SAME.—*Conductor's Report.*—*Inadmissibility of in Evidence.*—The report of the conductor on the train on which the plaintiff took passage of the cash collected was properly excluded, it not appearing that there was any space for entering the errors of the character in controversy, or that the report was offered for the purpose of corroborating the testimony of such conductor that he was the conductor on the train on which the plaintiff was a passenger.

The Pennsylvania Company *v.* Bray.

SAME.—*Detached Coupons.*—*Conditions as to.*—*Waiver.*—Where a ticket consists of two coupons, and upon the ticket is a condition that if detached they shall be void, the acceptance by the conductor of one of the coupons from a passenger who presents both is a waiver of such condition. The fact that the conductor by mistake takes the returning coupon instead of the going one, on which the condition is written, does not affect the waiver.

SAME.—*Ejectment of Passenger.*—*Damages.*—Where a passenger has a right to be carried on his ticket he may insist on being so carried, and if he is ejected he is entitled to recover the damages sustained thereby, although he may pay his fare rather than be ejected, and recover such damages as he sustains in that event.

SAME.—*Measure of Damages.*—*Instruction.*—The plaintiff alleged in a supplemental complaint that he purchased from the agent at Martinsville a ticket to Indianapolis and return; that upon the return trip he gave the conductor the remaining coupon; that after the train had passed Mooresville, the conductor demanded the fare from Mooresville to Martinsville; that he informed the conductor that he had already given him the ticket entitling him to ride to Mooresville; that the conductor maliciously threatened to eject him from the cars and made the plaintiff pay forty cents additional fare, and charged him with attempting to ride without paying therefor.

*Held,* that the plaintiff was entitled to recover damages for the humiliation suffered and indignity done him, and that an instruction that he was entitled to recover only the additional fare was erroneous and properly refused.

SAME.—*Instructions.*—For instructions requested on the subject of carrier and passenger, and held to have been properly refused, see opinion.

WITNESS.—*Impeachment.*—*Improper Impeaching Question.*—Where, on cross-examination, a witness was asked, for the purpose of impeachment, if he had not been impeached in another case, and if a suit for damages was not pending against him for false swearing in that case, an objection was properly sustained, such question not being a proper impeaching question.

MITCHELL, J., dissents.

From the Morgan Circuit Court.

*S. O. Pickens* and *C. W. Moores,* for appellant.

*G. A. Adams* and *J. S. Newby,* for appellee.

OLDS, J.—This action was brought by the appellee against the appellant for damages for being ejected from appellant's train of cars run on the Indianapolis and Vincennes Rail-

road.   On the 18th day of May, 1886, about 5 o'clock P. M., appellee took passage on one of appellant's trains on the Indianapolis and Vincennes Railroad, at Indianapolis, for Mooresville, near which latter station the appellee resided. He presented to the conductor the going coupon of a round-trip ticket from Mooresville to Indianapolis, which the conductor refused to accept for his passage, and upon his refusal to pay the fare demanded, ejected him from the train at Maywood Station, about ten miles from Mooresville, from whence he walked home, a distance of about thirteen miles.

Appellee contends that he had purchased of appellant's agent, at Mooresville, some days previous to taking the train, a round-trip ticket for passage from Mooresville to Indianapolis and return ; that on the 15th day of May, 1886, he took passage on appellant's train, at Mooresville, for Indianapolis, and presented the ticket to the conductor, and that the conductor retained the return part of the ticket and gave appellant back the going part; that on the 18th day of the same month he took the train to return to Mooresville, and when the conductor called for his ticket he presented to him the end of the ticket he had so purchased, which had been returned to him by the conductor on his trip to Indianapolis, whereupon the conductor informed him that it was the wrong end, that it was the going instead of the returning end, which was the first knowledge the appellee had of the mistake, and he explained to the conductor how the mistake came, that the former conductor had returned to him the wrong end, the conductor refused to accept the ticket and demanded fare which appellee refused to pay, and the conductor ejected him from the train.

It is contended on the part of appellant that no explanation was made by the appellee at the time the ticket was presented.

There was a trial, resulting in a verdict for appellee.

The questions presented arise on the ruling of the court in overruling appellant's motion for a new trial.

The first alleged error discussed by counsel for appellant is the giving by the court, on its own motion, of instruction numbered four, which is as follows :

" It is the duty of carriers of passengers to provide agents and servants who can and will properly protect the interests of the passengers, and not by want of skill, lack of knowledge, or want of care, take from passengers rights for which they have contracted and paid. A passenger has a right to act upon the conduct and directions of the agents of the corporation. If the conductor of a train of cars takes from a passenger a coupon of a ticket, which said ticket entitles him to passage from one station on said railroad to another and return, and by mistake or otherwise takes the coupon which entitled the passenger to return passage, when he should have taken the one entitling the passenger to passage going, this would be neglect of the company, and the passenger would have a right to rely on the act of the conductor in taking one coupon of his ticket, and he would be entitled to use the other end of his coupon on his return passage."

It is contended by counsel for appellant that this instruction is erroneous, for the reason that it states that the passenger is entitled unconditionally to use the other coupon of the ticket on his return passage.

This instruction must be taken in connection with the other instructions given by the court to the jury, and when so considered there was no error, as the court, at the request of the appellant, gave another instruction upon the same subject, which is as follows :

"A passenger ticket or coupon reading, or calling for passage from Mooresville to Indianapolis, would not entitle the holder thereof to transportation from Indianapolis to Mooresville. And a conductor of a train running from Indianapolis to Mooresville, if such coupon or ticket were presented to him by a passenger for transportation from Indianapolis to Mooresville without any explanation thereof or any knowledge by such conductor of the reasons why such coupon or

ticket is presented for transportation from Indianapolis to Mooresville, would be justified in refusing to accept such coupon or ticket for such transportation, and might lawfully eject such passenger from said train unless he paid or tendered his fare, using no more force than necessary to eject said passenger from said train."

On the part of the appellee it was contended that on presenting the coupon of the ticket to the conductor on his return trip, the conductor told him it was the wrong end, and he explained to the conductor that if it was it was the mistake of the conductor on the train on which he went to Indianapolis; that he had handed the conductor his ticket, and the conductor gave him back the one portion, and he had put it in his pocket, and had not looked at it until presenting it to the conductor on his return.

On the part of appellant it was contended that no explanation was made by appellee, and the court gave the two instructions set out bearing upon the question of the right of the appellee to ride on the wrong end of the ticket.

These two instructions, when considered together, as they must be, inform the jury that the appellee had no right to be carried on the wrong end of the ticket without an explanation of the reasons why such wrong coupon was presented for transportation, and we think it may be fairly understood that if the coupon was presented with the explanation which the appellee contended he gave to the conductor on discovering the mistake, it did entitle him to be carried on his return trip.

The law as to the right of a passenger to be carried on the wrong coupon in case the coupons are detached by the conductor on the going trip, and the returning coupon retained by the conductor, and the going coupon returned to the passenger, which the passenger retains without discovering the mistake until presenting it to the conductor on his return trip, and then makes the explanation, is fully considered and decided in the case of *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind. 381.

In that case it is held that under such circumstances the passenger has the right to be carried on his return trip on presenting the going coupon with the explanation, and the decision is well supported by authority.    See, also, *Godfrey* v. *Ohio, etc., R. W. Co.*, 116 Ind. 30.

Instructions must be considered in relation to the particular case in which they are given in determining whether the jury were misled or not by particular instructions.    In this case, as we have stated, it was contended on the part of the appellee, and he so testified, that he presented the coupon to the conductor on his return trip, and was informed that it was the wrong coupon, or wrong end of the ticket, and that was the first knowledge he had of the mistake, and he then explained that if it was it was the mistake of the conductor to whom he handed the ticket on his going trip to Indianapolis, and the conductor would not accept his explanation.    On the other hand it was contended by the appellant, and its witnesses testified that no explanation was made, and the court instructed the jury to the effect that if the conductor on the going trip detached the coupons and retained the wrong one and returned to the passenger the one he should have retained, it would be neglect of the company and the passenger would have the right to rely on the act of the conductor in taking one coupon of his ticket and he would be entitled to use the other end of his coupon on his return passage, but that he would not have the right to be carried on such coupon without an explanation when he presented it to the conductor on his return trip; that without an explanation, or the conductor knowing the reason for presenting the wrong coupon, the conductor would be justified in refusing to accept it, and on refusal of the passenger to pay fare on demand he would be justified in ejecting him from the train.

This, we think, is as favorable an instruction as the appellant was entitled to demand.    The instruction informed the jury that if, as contended by appellant, no explanation was

The Pennsylvania Company *v.* Bray.

made then the conductor had the right to eject the appellee. If, as contended by appellee, the proper explanation was made, then the appellee had the right to be carried, but the appellant was certainly not injured by reason of the fact that the court did not inform the jury by an affirmative instruction that if appellee did make an explanation he was entitled to be carried.

The next objection urged is to the sixth instruction given by the court. This instruction relates to the validity of the ticket if the coupons were detached. The court instructed the jury upon the subject as follows:

"A railroad ticket is evidence of a contract entered into by the purchaser thereof and the railroad company from which the same is purchased, wherein it is agreed on the part of the purchaser that he will pay, and has paid, the purchase-price of said ticket, in consideration that said railroad company will carry him as a passenger on its train of cars to and from the station as set forth on said ticket. This ticket may consists of coupons upon which there is a printed condition that the same shall be void if detached before presentation for passage upon said railroad's train of cars; and if so detached, said ticket will be void and will not entitle the passenger to use it for passage on said train of cars unless the railroad company waives its right to treat said ticket as void. It is a technical violation of the contract to detach said coupons; but if the conductor of the train upon which such ticket is attempted to be used takes and receives one part of said ticket, then the railroad company thereby waives the right under the contract to treat said coupon as void. So if you find in this case that the plaintiff had purchased a ticket from the defendant's agent at Mooresville entitling him to passage on defendant's train of cars from the station of Mooresville to Indianapolis and return, and you should further find that said ticket consisted of coupons, one of which entitled him to passage from Mooresville to Indianapolis, and the other a return passage

from Indianapolis to Mooresville, and that there was a condition on said ticket that it would be void if the coupons were detached, and you should further find that said coupons were detached before they were offered as evidence of the plaintiff's right of passage on said train of cars, yet if said defendant accepted one of said coupons it thereby waived the condition in said ticket rendering it void."

It is insisted that this instruction is misleading and is erroneous, for the reason that "it assumes that there was a ticket with two coupons attached to it, and that the ticket had printed on it the condition that either of the coupons detached was void," and that such was not the case; that the two coupons constituted the ticket, with the condition on the going coupon only, and that the acceptance on the going train of the return coupon would not amount to a waiver by the company of the condition, because there was no condition on this coupon, that the condition was on the one the conductor refused to accept.

We do not think this instruction objectionable. The appellant contracted to carry the appellee from Mooresville to Indianapolis and return for the price paid for the ticket. The trip was to be made in that way, and as evidence of such contract the ticket was issued, in which it provided on the going coupon that it should not be good if detached. This stipulation was to prevent the use of the ticket in making the trip in the reverse order, or the separation of the coupons and using them for single trips, and it was a mere technical violation of the contract to sever the coupons, and if severed by accident or through no fault of the passenger, and he presented both coupons to the conductor on his going trip, with an explanation as to their severance, we think that the passenger would be entitled to passage, notwithstanding the coupons were severed. It being a mere technical violation, and the passenger on the going trip presents both coupons, and the conductor accepts it and takes one of the coupons, it is clearly a waiver.

The conductor is the agent of the company, specially charged with the acceptance or rejection of the ticket, and he acted for the company and accepted it. The fact that the conductor made a mistake, and took the returning coupon, when he ought to have taken the going one, can make no difference as to the waiver of the technicality of their separation.

It is as much of a waiver as if he had made no mistake, and had retained the right coupon. If he had accepted the ticket and taken the right end, we think it would have constituted a waiver of the separation. The passenger was making the trip in accordance with the contract for transportation, and in good faith presented both ends of the ticket, and no harm was done to the railroad company by reason of the accidental separation. *Wightman* v. *Chicago, etc., R. W. Co.,* 40 N. W. Rep. (Wis.) 689; *Chicago, etc., R. R. Co.* v. *Holdridge,* 118 Ind. 281.

Appellant asked the court to give the following instruction, numbered three, which the court refused.

" The conductor of a railroad train is not required to accept the statement of a passenger as to his right to be carried on said train. The ticket presented by the passenger is conclusive as to whether or not he is entitled to passage on said train, and if such ticket shows on its face that the passenger is not entitled to passage on said train, the conductor may lawfully eject him therefrom unless he pays his fare. A ticket reading from Mooresville to Indianapolis would not be good for passage from Indianapolis to Mooresville." As applicable to this case the instruction is in direct conflict with the decision in the case of *Lake Erie, etc., R. W. Co.* v. *Fix, supra,* and the court properly refused to give it.

It is contended that the court erred in refusing to give the fourth instruction requested by the appellant, which is as follows:

" If a passenger gets on a railroad train and presents for passage a ticket which on its face shows that it is not good

for passage on that train, he is bound to pay his fare and look afterwards to the company to refund the money and make him compensation for his trouble; but if he refuses to pay his fare, and is expelled from the train, he can not recover damages."

There was no error in refusing to give this instruction. If, under the circumstance, the passenger has a right to be carried on his ticket, he may insist upon being so carried, and if he is ejected he is entitled to recover the damages sustained thereby, although he might take the other course and pay his fare rather than be ejected, and recover such damages as he sustains in that event.

It is also contended that the court erred in refusing to give instructions numbered five and seven requested by the appellant. We do not deem it necessary to set them out, as they present the same questions we have passed upon.

The appellee filed a supplemental complaint, in this case, alleging that on the 8th day of September, 1887, he purchased from appellant's agent, at Martinsville, a ticket from that point to Indianapolis and return, for one dollar and sixty cents; that he went to Indianapolis on said day, the conductor taking one of the coupons of said ticket for said passage; that on the same day appellee got on board of appellant's cars at Indianapolis for Martinsville and gave the conductor the other coupon of said ticket; that after the cars had passed Mooresville the conductor demanded pay for appellee's passage from Mooresville to Martinsville; that appellee informed said conductor that he had already given him said ticket entitling him to ride to Martinsville; that said conductor maliciously threatened to eject appellee from said cars, and demanded and made appellee pay forty cents additional fare, and charged appellee with attempting to ride on appellant's cars without paying therefor.

As regards the measure of damages recoverable by appellee upon the supplemental complaint, appellant asked the court to instruct the jury that appellee was only entitled to

recover the additional amount of fare the appellee was compelled to pay and no more.   This was clearly erroneous, and the court properly refused to give it.   The appellee was entitled, under such circumstances, to recover damages for the humiliation suffered and the indignity done him.   *Chicago, etc., R. R. Co.* v. *Holdridge, supra.*

Appellant offered in evidence a report of Joslin, the conductor on the train from Mooresville to Indianapolis on which appellee took passage, and who, it is contended, took the wrong end of the ticket.   The report was made out after the conductor's arrival at Indianapolis.   This report is headed :

" Report of the cash collected on trains on I. & V. division, as given in margin, between points and at times of arrival and departure, as stated on Saturday the 15th day of May, 1886."

It is properly ruled with heading, and it closes with the following statement :

" The above is a correct report of the cash collected and tickets issued by me on trains as stated, and actual time of departure and arrival of same.

"(Signed)          W. C. JOSLIN,
" Conductor No. —, using punch No. —."

There does not appear to be any space for entering errors of the character in controversy, and it could have no relevancy even if such a report would be competent in case it provided for such.   It is contended by counsel that it was offered for the purpose of corroborating the testimony of Joslin that he was the conductor on the train which appellee was a passenger to Indianapolis, but it does not appear from the record that it was offered for any such purpose.   There does not appear from the record to be any error in the exclusion of this report.

One Reariden, a witness for appellee, testified that he saw appellee have the half of a round-trip ticket on the train just before the conductor took up the ticket of appellee, in

The Pennsylvania Company *v.* Bray.

September, 1887, when appellee was compelled to pay extra fare, it being contended by appellant that appellee gave the conductor a single-trip ticket to Mooresville instead of a return end of a round-trip ticket from Martinsville to Indianapolis, as contended by appellee.

On cross-examination of such witness appellant asked the witness if his general reputation for truth had not been impeached in that court a short time before in a case wherein he had been a witness, and if a suit for damages was not pending against him on account of his false swearing in that case.

Appellee objected, and the court sustained the objection, and appellant excepted, and it is contended that this is error.

There was no error in sustaining the objection to the question propounded to the witness. It was not a proper cross-examining question, besides it was in regard to an irrelevant matter. It was not material to the issues in this case whether or not Mr. Reariden had been impeached in another case or whether he had a suit pending against him for damages for false swearing. It was proper to impeach the witness in this case, but this was not an attempt to impeach the witness by any of the recognized rules for impeachment.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

MITCHELL, J., dissents.

Filed Oct. 7, 1890.