## THE PITTSBURG, CINCINNATI, AND ST. LOUIS RAILWAY COMPANY v. HENNIGH.

NEW TRIAL.—*Reasons For.*—" Error of law, which occurred at the trial, and was excepted to at the time by the defendant," is too general and indefinite to be assigned by a defendant as a reason for a new trial.

RAILROAD.—*Tickets.*—*Damages.*—A passenger on a railroad train gave to the conductor his ticket from C. to N., but the conductor gave him no check in return; before reaching N., there was a change of conductors, and the new conductor expelled the passenger for want of a ticket or check.

*Held*, that the railroad company was liable in damages to the passenger, and that the Supreme Court could not disturb a verdict for five hundred dollars, in such a case, on the ground that the damages were excessive.

APPEAL from the Delaware Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellant to recover damages for the ejection of the plaintiff from the railway carriage of the defendant by her agent and servant, the conductor of a train, at the town of Windfall, in the State of Indiana, the plaintiff having purchased a ticket at Chicago for passage from that place to New Castle, in the State of Indiana.

Issue, trial, verdict and judgment for the plaintiff for five hundred dollars. No question was made on the pleadings. The defendant moved for a new trial, and filed the following reasons: "first, the verdict of the jury is not sustained by the evidence, and is contrary to law; second, the damages found by the jury are excessive; third, for error of law,

which occurred at the trial, and was excepted to at the time by the defendant."

These reasons present the only question arising in the case. We are not of opinion that the judgment should be reversed for anything that can be properly urged under the first and second reasons for a new trial. It was established, by a fair preponderance of the evidence, that the plaintiff purchased a ticket at Chicago for passage from that point to New Castle, in the State of Indiana, exhibiting his ticket to the baggage master at Chicago, and having his trunk checked to New Castle.

The plaintiff took a seat in the railway carriage, and soon after leaving Chicago the conductor took up his ticket, but without giving him any check, or anything showing that he was entitled to be carried to New Castle. Before arriving at the town of Windfall, there seems to have been a change of conductors, and the plaintiff having nothing to show that he had paid his passage to New Castle, except, perhaps, his check for his trunk, and refusing to pay any further fare, he was required to leave the train at the town of Windfall; by the the new conductor. This occurred about three o'clock A. M. The plaintiff's trunk went on to New Castle, and the plaintiff himself arrived next day, by another train.

A case was made out, by a preponderance of evidence, that clearly entitled the plaintiff to recover, and we are not of opinion that the damages assessed are so clearly excessive as to authorize us, under the well-settled and long-established practice of this court, to disturb the verdict on that ground.

The third reason for a new trial raises no question for consideration. It pointed out nothing in particular for the consideration and action of the court below. The "error of law which occurred at the trial" might have had reference to the introduction or rejection of evidence, to the giving or withholding of charges, or to any one of a multitude of questions that may arise in the progress of a trial. The object of filing written reasons for a new trial is to apprise the

court and the opposite party of the grounds upon which a new trial is asked, and they ought to be sufficiently specific to accomplish that purpose. Such a reason as that under consideration has been held, in numerous instances, to be insufficient. *Barnard* v. *Graham*, 14 Ind. 322; *Medler* v. *Hiatt*, 14 Ind. 405; *Snodgrass* v. *Hunt*, 15 Ind. 274; *Ham* v. *Carroll*, 17 Ind. 442; *Horton* v. *Wilson*, 25 Ind. 316.

The judgment below is affirmed, with costs.

*E. Walker*, for appellant.

*J. H. Mellett* and *W. March*, for appellee.