The Toledo, Wabash and Western Railway Co. *v.* McDonough.

53   289
161   159
j161   185

RAILROAD.—*Ejection of Passenger from Train.*—A person who had purchased of a railroad company, at one of its stations, a first class ticket for passage from said station to another on the railroad of said company, started upon a mixed train, composed of freight and passenger cars, the conductor of which, upon taking up said ticket, gave the passenger a card, on which said conductor had written the number of the station to which said passenger was to be carried, and the initial letters of said conductor's name. At an intermediate station, said passenger left said mixed train and got upon an express train, which there passed said mixed train, and which would arrive at his destination sooner than said mixed train, he having been assured by the conductor of the mixed train that said card would be received by the conductor of the express train, and would be as good as his ticket, and a brakeman on the mixed train, upon reaching said intermediate station, having announced the approach of said express train, and having told the people in the car in which said passenger was, on said mixed train, to get out and go to the station, to be

ready to take the express train. The conductor of the express train refused to accept said card, and upon the refusal of said passenger to pay again, caused him to be forcibly put off the train, at night, and not at a station or house; and when said mixed train came along, said passenger was taken upon it and carried to his destination.

*Held,* that said passenger was entitled to damages for his said ejection, though said card was merely the private mark of the conductor who gave it, used only by himself, on his own train, for his own convenience; and said passenger, when he purchased his ticket, made no inquiry as to the rules of the company in relation to carrying passengers, and transferred himself from the mixed to the express train without having a stop-off check, such as the company sanctioned; and the conductor of the mixed train had such stop-off checks at the time he gave said card; and the passenger did not call on said conductor for such a check, and refused to pay his fare on the express train or leave said train unless put off by force; and he was taken upon the mixed train in about five minutes after he was so put off, and carried safely to his destination; and the company was not in the habit of carrying passengers from the mixed train, upon the express train, on the private checks of the conductor of the former train, but on the regularly authorized stop-off checks of the company, which represented nothing more than the original ticket represented.

*Held,* also, that damages in the sum of four hundred dollars were not excessive.

From the Allen Circuit Court.

*J. R. Coffroth, C. B. Stuart* and *T. A. Stuart,* for appellant.

DOWNEY, J.—This was an action by the appellee against the appellant to recover damages for being put off the cars on the road of said company, wrongfully, as is alleged. The defendant answered in three paragraphs. The first was a general denial, and the second and third were special paragraphs. The plaintiff demurred to the second and third paragraphs, and the demurrers were sustained. Upon a trial by jury, there was a general verdict for the plaintiff, and also answers to interrogatories propounded at the instance of the defendant.

The defendant moved the court for judgment in its favor, on the answers of the jury to the interrogatories, notwithstanding the general verdict, but the motion was overruled. It then moved the court for a new trial, and this motion

also was overruled, and there was final judgment for the plaintiff.

There are sixteen specifications in the assignment of errors, but only three of them are proper assignments. We affix to them our own numbers:

1. Sustaining the demurrers to the second and third paragraphs of the answer.

2. Refusing to render judgment on the special findings of the jury.

3. Overruling the motion for a new trial.

1. The second and third paragraphs of the answer were partial defences to the action, and were not necessary, after pleading the general denial. The defendant was not injured by this action of the court. The whole merits of the case appear to have been examined under the issue formed by the general denial of the allegations of the complaint.

2. The plaintiff purchased a first class ticket at Toledo for Fort Wayne. He started on what is denominated a mixed train; that is, a train composed of freight cars and one or more passenger cars. The train was behind time in starting. The conductor took up the plaintiff's ticket, and gave him a card, or piece of pasteboard, as it is called in the evidence, on which was written by the conductor the figures 12, and under them the letters E. C.; the figures representing the number of the station to which the plaintiff was going, Fort Wayne, and the letters the initials of the conductor's name.

An express passenger train followed the train on which the plaintiff was passenger, and, as he desired to reach Fort Wayne sooner than he could do on the mixed train, he determined to get on the express train, when it overtook the train he was on, which it did at New Haven, the next station east of Fort Wayne. The plaintiff and other witnesses in his behalf testified, that the conductor assured him that the card, or piece of pasteboard, which he gave him, would be received by the conductor of the express train and be as good as his ticket. This the conductor denied in his testi-

mony. It was testified that when the train came near to New Haven, a brakeman came into the car in which the plaintiff was seated, and announced that the passengers should go into the caboose, or smoking car, that they were going to cut off and leave the coach they were then in; that the passengers went into the caboose; that when they reached New Haven, the same brakeman came in and told the passengers the express was coming, and for them to get out and go to the station, ready to take that train; that the brakeman seemed excited, and said, "Hurry up, don't be all night about it!" When the express train came along, the plaintiff and several other passengers from the mixed train got on it. When the conductor of the express train came to the plaintiff for his fare or ticket, he refused to accept or recognize his card, or piece of pasteboard, and, upon plaintiff's refusal to pay again, called a brakeman and had the plaintiff ejected from the car, in the night, and not at any station or house. When the mixed train came along it was hailed and stopped and took the plaintiff on board, and carried him to Fort Wayne.

Without setting out in full the interrogatories and answers thereto, we may state the substance of the answers. It was found that the card, or piece of pasteboard, was not anything more than the conductor's private mark, used only by himself, on his own train, for his own convenience; that the plaintiff, when he purchased his ticket at Toledo, made no inquiry what the rules of the company were, in relation to the carrying of passengers; that the plaintiff transferred himself from the accommodation to the express train, without having a stop-off ticket, such as the company had sanctioned; that the conductor of the accommodation train had regularly authorized stop-off checks, at the time he gave the plaintiff the pasteboard; that the plaintiff did not call on the conductor for a stop-off check; that he refused to pay his fare on the express train, or to leave the same, unless he was put off by force; that after he was put off, the accommodation train picked him up in about five minutes afterwards and carried

him safely to Fort Wayne; that the company was not in the habit of carrying passengers from the accommodation train on the express train, on the private checks, or pasteboards, of Clark, the conductor, but on the regularly authorized stop-off checks of the company; that there is no station on the road between New Haven and Fort Wayne; that there were no houses discovered near where the plaintiff was put off; and that the stop-off ticket represented nothing more than the original ticket represented.

We think these special findings are not so inconsistent with the general verdict as to justify the rendition of judgment upon them, instead of upon the general verdict. The jury may have found that the conductor of the accommodation train assured the plaintiff, as he and others testified, that the card, or piece of pasteboard, would secure him transportation on the express train. If he did so assure him, we do not see why the company is not liable for the act of the other conductor, in putting him off the express train. It may be remarked that a stop-over ticket would hardly have been applicable to the case, as the plaintiff not only did not wish to stop over, but wished to be carried on with greater speed.

3. Under this assignment of error, it is urged that the court improperly refused to suppress certain depositions and parts of depositions. The record does not show this action of the court by proper bill of exceptions, so that we can decide the question. There may have been a bill of exceptions signed by the judge, but if so, we can not tell what part of the record it embraces.

It is also claimed that the damages are excessive. The amount of the verdict is four hundred dollars. We cannot say that the amount is excessive.

No question arises upon instructions given or refused. The instructions, although copied, are not legally a part of the record. Those given by the court on its own motion are not signed by the judge, and those proposed by counsel

are not signed by counsel.   None of them are in any bill of exceptions.

The judgment cannot be reversed on the evidence.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.