Filed Feb. 6, 1891.

---

No. 14,752.

## The Indianapolis and St. Louis Railway Company v. Howerton.

Common Carrier.—*Ejection of Passenger.*—*Damages.*—The plaintiff, a boy of 16, became a passenger on the defendant's train, and gave the conductor his ticket. Afterwards the conductor again demanded a ticket, and refusing to believe the plaintiff's statement that he had given him a ticket demanded fare. The plaintiff gave the conductor ten cents, all the money he had. The conductor accepted the money, but ordered the boy to get off the cars before reaching his destination, which he did, being thereby compelled to walk the remainder of the distance. *Held*, that damages in the sum of $195 were not excessive.

From the Hendricks Circuit Court.

*J. T. Dye* and *W. H. Dye*, for appellant.
*J. V. Hadley*, for appellee.

OLDS, C. J.—This is an action by the appellee against the appellant for damages for ejecting the appellee from a passenger train, he having delivered to the conductor a ticket entitling him to ride upon the train.

There was a trial had resulting in a verdict and judgment in favor of the appellee for the sum of one hundred and ninety-five dollars.

Appellant asks that the judgment be reversed, for the reasons: 1st. That the verdict is not sustained by the evidence. 2d. That the damages are excessive, and 3d. That the court erred in refusing to give the instructions asked by the appellant.

The evidence tends to show that the appellee, who was permitted by the court to prosecute this action as a poor person, was sixteen years of age at the time of the happening of the grievances complained of; that he entered the car at Danville to ride to Reno, and delivered to the conductor a ticket entitling him to passage from Danville to Reno, and the conductor accepted it; that afterwards the conductor accosted him and again demanded a ticket. The appellee told the conductor that he had given him his ticket. This the conductor denied and demanded fare. The appellee having but ten cents gave it to the conductor and the conductor accepted it and commanded him to get off the car at Hadley before reaching Reno, and the appellee, in obedience to the command of the conductor, got off the train, and brings this suit for damages.

The evidence fully sustains the verdict. The damages are not excessive.

The appellee, a mere boy, bought a ticket and took the train in the usual way and gave his ticket to the conductor who accepted it. He was branded in the presence of the other passengers with attempting to ride without paying fare,

and when he told the conductor the truth as to having given him a ticket his word was disputed and fare again demanded; he then gave to the conductor all the money he had; true, it was a small sum, ten cents, yet it was all he had, and was commanded and required to get off the train before reaching his destination, and compelled to walk the remainder of the distance. Under this state of facts we can not disturb the verdict on the grounds that it is excessive. This is not a mere breach of the contract, but it is a tort. *Cincinnati, etc., R. R. Co.* v. *Eaton,* 94 Ind. 474.

There is no discussion of the question relating to the refusal to give the instructions requested.

There is no error in the record.

Judgment affirmed, with costs.

