NOVEMBER TERM, 1843.                    83

The Louisville, New Albany and Corydon Railroad Co. *v.* Conrad.

No. 453.

## The Louisville, New Albany and Corydon Railroad Company *v.* Conrad.

Railroad.—*Taking up Wrong Coupon.—Expulsion from Train on Connecting Road.—Liability of Company whose Agent Took up Coupon.—Measure of Damages.*—Where the plaintiff purchased a ticket from the defendant's agent at C., composed of two coupons, one entitling her to passage from C. to J. over defendant's road, and the other entitling her to passage from J. to T. over a connecting road, and a conductor on defendant's road, in collecting tickets between C. and J., took the plaintiff's ticket and tore the coupons apart and returned the one entitling her to passage from C. to J. instead of from J. to T., and the plaintiff had no knowledge that the wrong coupon had been returned to her until she presented it for passage to the conductor on the connecting road, who declined to receive it, and compelled her to leave the train at an intervening station, the expulsion resulted from the wrongful act of the defendant's conductor, and the hurtful consequences of her expulsion properly constituted elements of damage. The connecting road was not bound, either with or without an explanation, to accept a coupon over defendant's road from C. to J. for passage over its own road from J. to T., and as she had the right to presume that the proper coupon had been returned to her by the defendant's conductor, her action was properly brought against the defendant company.

Same.—*Return of Fare.—Not Full Satisfaction for Damages.*—The fact that the plaintiff surrendered to defendant at C. the coupon returned to her by defendant's conductor, and received in return the amount paid by her for passage from C. to T., can not be regarded as a full satisfaction of her claim for damages, it clearly appearing that the sum so received by her was received only as "on refund of ticket to Taswell, Ind."

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell*, for appellant.
*C. W. Cook* and *W. Ridley*, for appellee.

Black, J.—The appellee's complaint against the appellant alleged, in substance, that, on the — day of February, 1890, the appellant owned and operated a railroad and was a common carrier of passengers between Corydon and Corydon Junction, and the Louisville, Evansville and St. Louis Consolidated Company was a common carrier of passengers from

Corydon Junction to Taswell, all of said places being in Indiana; that, on said day, the appellee was at Corydon, and desired to go to Taswell over the railroads of said companies; that she purchased from the agent of the appellant a ticket, at Corydon, which entitled the appellee and her small son, five years of age, to be carried as passengers from Corydon to Taswell, for which she paid said agent one dollar and twenty-five cents; that said ticket was composed of two coupons, or parts, one of which was for passage from Corydon to Corydon Junction, over the appellant's road, and the other coupon was for passage from Corydon Junction to Taswell, over the road of said other company; that the appellee and her said son thereupon entered a passenger car of the appellant at Corydon as passengers; that while they were so riding from Corydon to Corydon Junction, one Frank Heth, who was a brakeman on said train, but who on that day was acting in the capacity of conductor and agent of the appellant, came through said car collecting fares and taking up tickets, and asked the appellee for her ticket; whereupon she handed to said Heth the ticket which she had so purchased; that said Heth took said ticket and tore in two the parts, or coupons, thereof, and kept one of the coupons and handed back to the appellee the other coupon, which she put in her pocket without examination; that she relied on said agent's skill, honesty, ability and care in that capacity, and presumed he had handed back to her the proper coupon, which would entitle her to be carried as a passenger from Corydon Junction to Taswell; but, in fact, said Heth negligently and carelessly kept the coupon of said ticket which entitled her to ride from Corydon Junction to Taswell, and gave her the coupon which entitled her to ride from Corydon to Corydon Junction, but she did not know that said mistake had been made; that when said train arrived at Corydon Junction, the appellee got off it and entered a train of the Louisville, Evansville and St. Louis Consolidated Railroad Company, which was running from Corydon Junction to

The Louisville, New Albany and Corydon Railroad Co. *v.* Conrad.

Taswell; that the conductor of this train asked her for her fare or ticket, and she thereupon tendered to him the coupon which said Heth had so given her; that said conductor refused to accept said ticket, or coupon, in payment of her fare on said railroad, and refused to carry her to Taswell unless she would pay her fare, and when said train had reached Ramsey Station, the said conductor compelled her to leave said train against her will, where she was wholly unknown and among strangers, and she was compelled to remain over all night at said station, and suffered great distress of mind by reason thereof, and was sorely vexed and inconvenienced, etc.

A demurrer to this complaint for want of sufficient facts was overruled.

There was an answer of general denial, and a second paragraph of answer containing some specific denials, and alleging that the appellant had received back from an agent of the appellee said coupon returned to her by said Heth, and had paid said agent the price of the ticket, one dollar and twenty-five cents, and that said agent had accepted this sum in full settlement and satisfaction of the appellee's loss of a ride from Corydon Junction to Taswell and of the alleged mistake of the appellant's conductor.

A jury returned a verdict for the appellee for two hundred dollars, and judgment was rendered accordingly, the appellant's motion for a new trial having been overruled.

The form of the ticket in question, as shown by the answer and the evidence, was as follows:

| Louisville. New Albany & Corydon R R | Louisville, New Albany & Corydon R.R. |
|---|---|
| One First-class Passage CORYDON, IND., to CORYDON JUNCTION, IND. No stop over.    B. F. HURST, 4733    Gen. Ticket Agt.    Form S.B.C. | Louisville, Evansville & St. Louis R. R. One First-class Passage CORYDON JUNCTION, IND., to TASWELL. No stop over.    B. F. HURST, 4733    Gen. Ticket Agt.    Form S.B.C. |

The rejection of the Corydon and Corydon Junction cou-

pon, and the conversation relating thereto between the appellee and the conductor, were shown by the appellee's testimony as follows: "The conductor said to me, when I handed him the coupon I had received from Frank Heth, and after he had looked at it: ' You can not ride on this ticket. If you do not get it corrected, or pay your fare, I will put you off. You must get the ticket corrected or I will put you off the train. The conductor on the Corydon road made a mistake and took up the wrong part of your ticket. I will have to put you off.' He came in again and told me I would have to get off at Ramsey, the next station. I told him I would get the money at Taswell and pay him if he would take me on. He said he did not do business that way; I would have to get off. I got off the train at Ramsey station against my will."

In the discussion of the complaint counsel for the appellant contend, in effect, that the appellant, in the sale of the ticket, so far as it purported to entitle the holder to passage on said other company's railroad, referred to in the testimony as the "Air Line," was acting as the agent of said other company, and therefore was not responsible for the sure and safe transportation of the appellee over said connecting line, and could not be held liable for the wrongful act of said other company's conductor. It is contended, also, that if, when the appellee tendered to the conductor on the Air Line the coupon returned to her by Heth, she had explained the circumstances through which she became possessed of the wrong coupon instead of the right one, the conductor would have had no right to put her off the train, and if he had then done so, his company would have been liable; that if she did not make any explanation, she relieved the Air Line Company from obligation to carry her, and, in such case, her expulsion was caused by her own fault, and that the complaint was bad for " failure to aver these necessary facts."

It is contended further, in discussing the evidence, that as

it showed that the mistake of Heth was known to the conductor on the Air Line, so that no explanation was necessary, the Air Line Company was at fault.

An ordinary railroad ticket not expressly limited as to its use will entitle the holder to passage, whether he or another be the purchaser. With it the holder pays his fare. It is in the nature of a voucher or receipt indicating that the regular fare has been paid and constituting evidence that the holder is entitled to be carried according to its terms. The fact that one has had possession rightfully of a ticket will not entitle him to passage without having it to deliver in payment, any more than the fact of having had a ticket to a lecture or a concert would entitle a person to admission without it. *Jerome* v. *Smith*, 48 Vt. 230.

The appellant for a certain price sold the appellee two tickets attached together, one good for passage over the appellant's railroad between certain stations, the other good for passage between certain stations over the Air Line. The question is not presented as to the responsibility of either the appellant or the Air Line Company for a refusal of the latter to honor the Air Line coupon, or for injury to the appellee while travelling on the Air Line upon that coupon. No obligation growing out of the sale of the ticket could attach to the company operating the connecting line before the presentation to it or the acceptance by it of the ticket sold for passage on that line. Until such presentation or acceptance the ticket, by agreement between the holder and the seller alone, might be returned to the latter, and the price of it might be refunded to the former, or the ticket might be lost or destroyed, in which case the loss would fall on the holder.

The appellee was the owner of what would secure passage on both of the railroads; while she possessed these united coupons she owned the privileges which they represented. When the appellant's conductor received the double ticket from the appellee it was for the purpose of taking therefrom

the coupon entitling to passage on the appellant's road.    He was acting for the appellant, collecting fares.

Assuming, without deciding, that in the sale of the ticket the appellant, as to the sale of the Air Line coupon, was acting as the agent of the Air Line Company, the appellant could not be regarded as acting as such agent when through the negligence of its conductor it took that coupon away from the appellee, so as to make the Air Line Company responsible for such negligent act.

Whatever injury resulted from that act was an injury caused by the appellant through its failure to perform properly a duty which it owed in its individual character to the appellee.    It could not be pretended that she was deprived of the evidence of her right to passage on the Air Line by any act of the Air Line Company or of any one else while in the performance of an act done for and in behalf of that company or done within the scope of any authority conferred by the Air Line Company.    An arrangement which imposed an obligation on the Air Line Company to carry a person presenting a certain ticket sold by the appellant could not bind the Air Line Company for the act of the appellant in taking such ticket from the rightful holder thereof.

The appellee was wholly without fault in being upon the train on the Air Line and in possession of the wrong coupon. She had a right to rely upon the acting conductor of appellant's train, and to depend upon him to separate properly the coupons and to return to her the right one for passage from Corydon Junction to Taswell; and she had a right to presume, without examination, that the coupon returned to her was the Air Line coupon.    The appellant was bound to provide for such service a competent and diligent servant, and was responsible to her for loss and injury resulting without her fault from the wrongful act of the servant in that behalf.

The conductor upon the Air Line train, or the company represented by him, was not bound, either with or without

explanation, to accept in payment of passage from Corydon Junction to Taswell the coupon purporting to entitle the holder thereof to passage on the road of the appellant from Corydon to Corydon Junction; and as between the Air Line Company and the appellee, the refusal of the conductor to accept that coupon in payment and his conduct in requiring her to leave the train for failure to pay her fare were not wrongful. The injury thereby sustained by the appellee was attributable to the wrongful conduct of the appellant through its conductor.

If the Air Line Company itself had sold the appellee a ticket for passage over its road, between certain stations, it would not therefore be obliged to carry her between such stations upon a ticket entitling her to passage on another railroad.

The coupon purporting to entitle the holder to passage from Corydon to Corydon Junction on the road of the appellant did not constitute any evidence that the holder, or any other person, had paid the fare from Corydon Junction to Taswell on the Air Line, any more than it constituted evidence that the fare from Corydon Junction to any other point on the Air Line, east or west, had been paid ; and the conductor on the Air Line, though he may have believed, and may have had good reason to believe, from the appearance of the coupon presented to him that it had constituted a part of a ticket with another coupon, purporting to entitle to passage from Corydon Junction to some station on the Air Line, and that a mistake had been made such as was made, was not bound to accept the statement of the holder that the other coupon had been so taken from her, and that it was a coupon for passage to a particular station on the Air Line, and, upon such assurance, to carry the holder to such station upon such presented coupon, and without payment of fare. Under such circumstances the conductor would not have obtained sufficient evidence that his company had received, or would receive, its fare, or could collect it on set-

tlement with another company. Indeed, his company not having committed any fault whereby the passenger had been placed in such a plight, he was entitled, in behalf of his company, to require the presentation of a proper ticket or the payment of fare, without regard to any explanation that might be made to him of the fault of another company in the performance of an act in the doing of which it was not acting as the agent of his company.

In so holding we do not decide that a passenger may not in some cases be required to explain how he happens to be in possession of a wrong token offered by him for passage, for the purpose of asserting his right against the railroad company, where the circumstances call upon him to do so. The passenger's explanation can not be necessary where, under all the circumstances as explained, the carrier to which it is made is not under any obligation to carry him.

In *Palmer* v. *Railroad Co.*, 3 Rich. (S. C.) 580, the plaintiff was travelling on a through ticket from New York to Savannah, which had two coupons entitling him to passage on the defendant's railroad, one from Charlotte to Columbia, and the other from Columbia to Augusta, with the right to stop over at Columbia. Between Charlotte and Columbia a conductor, W., took up these two coupons and gave the passenger a conductor's check, good only for that trip. The passenger stopped over at Columbia. The next day, on a train running from Columbia to Augusta, the passenger exhibited his ticket from which the coupons had been taken and said check to another conductor, J., who refused to accept the check and ejected the passenger for failure to pay fare. The company was held liable. The court said : " The conductor was bound to assume that the plaintiff intended to retain the right conferred by his contract, and in taking from him the evidence of such right, to place in his hands some token that would, under the rules and regulations of the defendants, be equivalent to the possession of the coupons removed." It was held that the passenger had a right

to assume that the conductor's check given him was sufficient for the purpose of evidencing his right to stop over at Columbia and to take a subsequent train.

In *Townsend* v. *New York Central, etc., R. R. Co.*, 56 N. Y. 295, it was held that the wrongful taking of the passenger's ticket by a conductor of a train in which the former has performed part of his journey, does not exonerate the passenger from compliance, on another train, with a regulation of the railroad company requiring passengers either to present evidence to the conductor of a right to a seat, or to pay fare; but the company is liable for the wrongful act of the conductor in taking up the ticket. It was said : " For the wrongful act in taking his ticket he has a complete remedy against the company. The conductor of the train upon which he was was not bound to take his word that he had had a ticket showing his right to passage to Rhinebeck, which had been taken up by the conductor of the previous train. His statement to that effect was wholly immaterial, and it was the duty of the conductor to the company to enforce the regulation * * * by putting the plaintiff off, in case he persistently refused to pay his fare."

In *Shelton* v. *Lake Shore, etc., R. W. Co.*, 29 Ohio St. 214, it was held that the fact that a passenger had been in possession by purchase from the defendant of an unused and unexpired commutation ticket which was taken up by the conductor on a train from V. to C., in the forenoon, did not, even if it was wrongfully so taken up, relieve the plaintiff from the duty of producing a ticket or paying fare to the conductor of an afternoon train from C. to V.; and a rule of the company requiring his expulsion was said to be reasonable; and it was held that the right of action, if any, would be for the wrongful taking up of the ticket, and not for having been removed from the afternoon train for refusal to pay fare. See, also, *Pittsburgh, etc., R. W. Co.* v. *Hennigh*, 39 Ind. 509 ; *Toledo, etc., R. W. Co.* v. *McDonough*, 53 Ind. 289 ; *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind. 381 ;

*Godfrey* v. *Ohio, etc., R. W. Co.*, 116 Ind. 30; *Chicago, etc., R. R. Co.* v. *Graham*, 3 Ind. App. 28.

The evidence showed that an agent of the appellee surrendered to the appellant at Corydon the coupon returned to her by Heth, and received in return one dollar and twenty-five cents. But this sum, it clearly appeared, was received only as "on refund of ticket to Taswell, Ind.," and not in full satisfaction of her claim for damages.

It is contended that the damages awarded were excessive. We need not extend this opinion by reciting all the evidence bearing upon the question of damages. No violence or undue force was used to expel her from the train. For injury so caused she would have had a right of action against the Air Line Company. We are of the opinion that her expulsion was without her fault or the fault of the Air Line Company, and resulted from the wrongful act of the appellant's conductor, and that the hurtful consequences of her expulsion properly constituted elements of damage.

The evidence sustained the averments of the complaint, and, under the authorities last above cited, it justified the award made by the jury.

The judgment is affirmed.

Filed March 1, 1892.