The Lake Erie and Western Railroad Company *v.* Arnold.

Filed Nov. 28, 1893.

———————◆———————

No. 904.

## The Lake Erie and Western Railroad Company *v.* Arnold.

RAILROAD.—*Passenger.*—*Demanding Extra Fare for Part of Passage Covered by Surrendered Ticket.*—*Rights of Passenger.*—*Expulsion.*— Where A. purchased a railroad ticket entitling him to passage from X. to Z., and boarded a train carrying passengers between such points, and surrendered his ticket to the conductor, which was accepted, and upon the arrival of the train at Y., an intermediate station between X. and Z., the conductor demanded fare of A. from Y. to Z., claiming that A.'s ticket entitled him to passage only from X. to Y., it was not the duty of A. to pay the extra fare demanded of him and afterwards settle the question in dispute, with the company or its agents. The passenger was as much entitled to stand on his rights (having paid his fare) as the company was to

stand on theirs (believing the fare not to have been paid), and whether he should pay the extra fare and stay on the train, or refuse pay and suffer expulsion, was a matter solely in the discretion of A.

INSTRUCTIONS TO JURY.—*Correct Statement of Law, Irrelevant.*—*Refusal to Give.*—*Modification by Court.*—Where an instruction, as asked, correctly states an abstract proposition of law, but is not relevant to the issue, it is not prejudicial error to refuse the instruction asked, or to give the instruction as modified by the court.

RECORD.—*Affidavits in Support of Motion for New Trial.*—*How Made Part of Record.*—*Bill of Exceptions.*—*Order of Court.*—Affidavits in support of a motion for a new trial can only be made a part of the record by bill of exceptions or order of the court; simply attaching the affidavits to the motion, and marking them as exhibits, is not sufficient.

From the Tipton Circuit Court.

*W. E. Hackedorn, J. B. Cockrum, R. B. Beauchamp* and *W. W. Mount,* for appellant.

*J. C. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

LOTZ, J.—The appellee was the plaintiff, and the appellant the defendant, in the court below. In his complaint, appellant charged, in brief, that he purchased a ticket of the defendant's agent in the city of Kokomo, which ticket entitled him to ride upon the defendant's passenger train from the city of Kokomo to the city of Indianapolis; that he took passage upon defendant's train at said city of Kokomo and presented his said ticket to defendant's agent, the conductor of said train, and that said ticket was received and accepted by said conductor; that he was carried upon said train to a point beyond the city of Noblesville, when said conductor came to him, and, in the presence of other passengers, demanded of the plaintiff that he pay his fare from Noblesville to Indianapolis, stating that the ticket taken by him from plaintiff only entitled plaintiff to ride upon said train to Noblesville; that plaintiff refused to pay said additional fare wrongfully demanded of him, and

The Lake Erie and Western Railroad Company *v.* Arnold.

that said conductor then demanded of plaintiff, in the presence and hearing of other passengers, that he leave said train, which plaintiff refused to do; that said conductor used towards plaintiff opprobrious epithets, and accused him of attempting to defraud, by riding without paying his fare; that when the train reached a station called New Britain the said conductor again demanded of plaintiff that he pay his fare, and plaintiff again refused, and said conductor then wrongfully and by force ejected plaintiff therefrom; that plaintiff was greatly angered, mortified, and disgraced thereby, and endured great mental suffering and physical pain.

The defendant answered this complaint by general denial.

There was a trial by jury and a verdict for the plaintiff in the sum of $500.

The assignment of error discussed by appellant's counsel is that the court erred in overruling the motion for a new trial. It is strenuously insisted that the verdict is not sustained by sufficient evidence.

We have examined the evidence with some care, and while it is in some respects conflicting, yet we think it fairly supports the verdict. The elaborate and forcible argument made by the appellant's counsel, on this point, we presume was presented to the trial court. If it was unavailing there, under the fixed rules governing appellate courts, it must surely prove futile here.

Another cause assigned for a new trial is that the damages assessed by the jury are excessive.

The action made by the complaint sounds in tort. It seeks to recover damages for the humiliation and shame laid upon appellee, and for an injury done to his person.

In this class of cases it is the peculiar province of the jury to assess the damages.

In the case of *Coleman* v. *Southwick*, 9 John. 45, KENT, C. J., said: "The question of damages was within the proper and peculiar province of the jury; it rested in their sound discretion under all the circumstances of the case, and unless the damages are so outrageous as to strike every one with the enormity and injustice of them, so as to induce the court to believe that the jury must have acted from prejudice, partiality or corruption, we can not consistently, with the precedents, interfere with the verdict. It is not enough to say that, in the opinion of the court, the damages are too high, and that we would have given much less. It is the judgment of the jury, and not the judgment of the court, which is to assess the damages in actions for personal torts and injuries."

This language has been quoted with approval by the Supreme Court of this State. *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261 (274).

Under the allegations of the complaint, and under the instructions of the court, in order to entitle the appellee to a verdict, the jury must necessarily have found that the appellee purchased a ticket from Kokomo to Indianapolis, and that the conductor was in the wrong in expelling appellee from the train. It may be, and we think the evidence shows, that the conductor was acting in good faith; and that he honestly believed that the ticket taken up by him only entitled appellee to ride to Noblesville.

But the jury must have found that the conductor either made a mistake or purposely tried to extort an additional fare from appellee. In either event the appellant would be liable for his tortious conduct.

Counsel for appellant insist, that the conductor treated the appellee in the most courteous and gentlemanly man-

ner possible under the circumstances; that he advised appellee to pay his fare and then settle the matter with the agent at Kokomo; and that even after the expulsion from the car he advised him to purchase a ticket or pay his fare and continue his journey to Indianapolis; that appellee refused to do this, although he had the money with which to pay his fare; that his expulsion was largely due to his own conduct, and was invited by him for the purpose of laying the foundation for an action; that under such circumstances the damages are excessive, and show that the jury were improperly influenced by prejudice or partiality.

It is true that the appellee was offered an opportunity to pay his fare and continue his journey unmolested, and that he had the money with which to pay, and was advised to settle the matter with the agent at Kokomo; and that he refused to do so; and that he refused to leave the car until the conductor took hold of him, and that no great violence or injury was done his person.

The attitude and manner of the conductor was firm and attended with some asperity, and the attention of the other passengers was attracted by the controversy between them. The conductor testified that the appellee got off under protest and against his will, and that he was prepared to use force if necessary to put him off.

We do not concur in the doctrine that it was the duty of the appellee to pay the extra fare demanded of him and afterwards settle the question in dispute with the company or its agents. It is true that the amount demanded was trifling, but the principle involved is the same as if the sum demanded had been a large one.

However much we may commend the conduct of that person who yields his rights to avoid a difficulty, it is nevertheless the privilege of every person to stand upon

his strict legal rights, and the law does not require him to yield them, or make concessions to avoid trouble.

The argument that the damages are excessive, impliedly admits that some damages are recoverable. The jury found that the appellant's agent was in the wrong. Its attitude before the court then is this: "It is true that the appellee purchased a ticket from Kokomo to Indianapolis, and that the conductor inadvertently made a mistake, but gave appellee good advice and opportunity to pay his fare and save himself from expulsion and mortification, therefore only nominal or a small amount of damages ought to be assessed."

Such circumstances might tend to rebut malice, but the damages were not assessed upon the theory of malice. There is no such charge in the complaint. Again it may be urged that there was a doubt, at the time, as to whether appellee's ticket was from Kokomo to Indianapolis or from Kokomo to Noblesville, and that such circumstances ought to go in mitigation of damages. If there was a doubt, it was as much the duty of appellant's agent to forego ejecting appellee as it was appellee's duty to pay the fare and continue his journey when the opportunity was offered. Appellant chose to stand upon what it conceived to be its strict legal rights. It can not now be heard to complain if the appellee chose to do the same. It comes with an ill grace for the appellant, after it has pushed what it believed to be its rights to the last extremity, to say that because it offered to carry appellee if he would pay his fare, the damages ought to be mitigated. Appellee was under no legal obligation to accept any offer, no matter how considerately made. In fact, the offer itself was only what the appellant would have been compelled to give to any person who would pay the fare demanded. The time to be magnanimous was before the expulsion occurred. Appellant can not

The Lake Erie and Western Railroad Company v. Arnold.

excuse or palliate the wrong or mitigate the damages flowing therefrom by its subsequent acts. Nor will it be permitted to palliate its own sordid conduct by the want of magnanimity in the person it has aggrieved. The appellee, by the acts of appellant's agent, was placed in a very unpleasant position before the passengers on the train. By conduct, if not by words, he stood charged with an attempt to defraud the railroad company, and of endeavoring to ride from Noblesville to Indianapolis without paying the fare therefor. His attitude, as thus made to appear, was that of a dishonest man, and brought shame and discredit upon him. If he had paid the extra fare demanded after such accusations, legitimate inference might be drawn therefrom that he was guilty of the dishonesty attributed to him. Whether he should pay and stay on the train, or refuse pay and suffer expulsion, was a matter which the law left to the sole discretion of appellee. It was his rights that were being infringed, and he was the sole arbiter of the course he should pursue. Under the circumstances of this case, the verdict does not strike us as so excessive and enormous as to lead us to believe that the jury acted from prejudice or partiality. *Lake Erie, etc., R. W. Co.* v. *Fix,* 88 Ind. 381; *Lake Erie, etc., R. R. Co.* v. *Close,* 5 Ind. App. 444, 32 N. E. Rep. 588; *Pittsburgh, etc., R. W. Co.* v. *Hennigh,* 39 Ind. 509; *Chicago, etc., R. R. Co.* v. *Conley,* 6 Ind. App. 9, 32 N. E. Rep. 96; *Louisville, etc., R. R. Co.* v. *Conrad,* 4 Ind. App. 83; *Chicago, etc., R. R. Co.* v. *Graham,* 3 Ind. App. 28; *Louisville, etc., R. W. Co.* v. *Wolfe,* 128 Ind. 347; *Indianapolis, etc., R. W. Co.* v. *Howerton,* 127 Ind. 236; *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548; *Toledo, etc., R. W. Co.* v. *McDonough,* 53 Ind. 289; *St. Louis, etc., R. W. Co.* v. *Myrtle,* 57 Ind. 566; *Indianapolis, etc., R. R. Co.* v.

*Milligan*, 50 Ind. 392; *Pittsburgh, etc., R. W. Co.* v. *Hennigh*, 39 Ind. 509.

It is also contended that the court erred in modifying instruction No. 9, requested by appellant, and in giving the same to the jury as modified.

This instruction, as asked, read as follows: "The conductor of a railroad is not required to accept the statement of a passenger as to his right to be carried on said train; the ticket, as presented by the passenger, is conclusive as to whether or not he is entitled to passage on said train, and if such ticket shows on its face that the passenger is not entitled to passage on said train, the conductor may lawfully eject him therefrom, unless he pays his fare."

This instruction was not relevant to the evidence. The controversy did not arise until after the ticket was taken up, and the disputed point was whether or not it was from Kokomo to Indianapolis or from Kokomo to Noblesville. The ticket itself was not produced on the trial. It was a conceded fact that the appellee was entitled to passage on the train, but the point to which he was entitled to go was the controverted question. The modification did not harm the appellant. The instruction asked and refused, as an abstract proposition, correctly states the law, but it was not applicable to the evidence or the issue tendered by the complaint. Appellee could only succeed on the theory stated in the complaint. Under the issues and facts disclosed, there was no error in refusing the instruction asked.

The sixth and last cause for a new trial, discussed by counsel, is that for newly discovered evidence. The affidavits in support of this cause are attached to the motion, marked exhibits, and are copied into the record, but they are not made a part of the record by a bill of exceptions or by order of the court. Such affidavits

must be brought into the record by a bill of exceptions, or made a part thereof by order of the court. *Elbert* v. *Hoby,* 73 Ind. 111; Elliott's App. Proced, section 817.

In this condition of the record, we can not consider them.

We find no reversible error in the record.

Judgment affirmed, at the costs of appellant.

Filed Sept. 20, 1893; petition for a rehearing overruled Nov. 28, 1893.