Gavin, J.
The appellee’s complaint sets forth, in substance, that on July 20, 1892, appellant had a station at Massachusetts avenue, in Indianapolis, where it had on sale round trip tickets to Jonesboro, a station on another division of its road, at the regularly advertised price of $3.60; that appellee, desiring to go to Jonesboro, presented himself in ample time at appellant’s ticket office, tendered the price and asked for such a ticket, but failed to obtain it by reason of the incapacity and negligence of the agent, who advised him to get on the train without it; that in pursuance of this direction, he boarded the train, explained to the conductor how he came to be without a ticket and tendered to the conductor the regular round trip fare to Jonesboro, $3.60, but he refused it and demanded $3.80, upon failure to pay which, appellee was wrongfully, maliciously and in a rude, angry and insolent manner ejected from the train, whereby he was compelled to walk back a long distance, greatly humiliated, damaged, etc.
To this complaint appellant filed,, first, a general denial, and second an affirmative answer setting up that Jonesboro was on a division of appellant’s road different from that on which the Massachusetts avenue depot was located; that the trainmen did not run through from Massachusetts avenue to Jonesboro, but new men would take charge of appellee at an intermediate station on his journey; that no conductor or trainman on the train which started from Massachusetts avenue had any authority to accept a round trip cash fare or sell round trip tickets to Jonesboro, but this was forbidden by appellant’s rules, as appellee well knew; that to enable a passenger to obtain the benefit of the $3.60 rate, under *549 the rules of the company, a ticket was necessary, and that when without a ticket the regular fare was ten cents extra each way, as appellee knew; that he did not tender this extra sum, nor did he tender a one way fare, nor any other sum than the $3.60 named, which was expressly conditioned upon his being carried the round trip.
To this second paragraph of answer a demurrer was sustained.
It is urged by appellant’s learned counsel that this answer is good because it appears from it that the conductor had-no authority to collect or receive a round trip fare, which was all that was tendered him, and because he was not bound to take the passenger’s statement as to his inability to obtain a ticket.
Whatever may be the rule in some jurisdictions, we are of opinion that the law is well settled in Indiana adverse to appellant’s position.
The railroad company clearly has a right to require passengers to procure tickets, or, upon failure to so do, to pay the regular fare, and not the reduced ticket fare, provided proper facilities are given to enable the passengers to purchase such tickets. Sage v. Evansville, etc., R. W. Co., 134 Ind. 100.
But the furnishing of such facilities is a prerequisite to the right to demand such excess over the ticket fare, and where the opportunity is not given the passenger to procure a ticket, and his application therefor is without just cause refused, and he without fault boards the train without such ticket, he will, upon tender of the ticket fare, be entitled to all of the rights and privileges that a ticket would afford him. Chicago, etc., R. R. Co. v. Graham, 3 Ind. App. 28; Lake Erie, etc., R. W. Co. v. Close, 5 Ind. App. 444; Jeffersonville, etc., R. R. Co. v. Rogers, 28 Ind. 1; Indianapolis, etc., R. W. Co. v. Rin *550 ard, 46 Ind. 293; St. Louis, etc., R. W. Co. v. Myrtle, 51 Ind. 566; Stoner v. Pennsylvania Co., 98 Ind. 384.
Although, the conductor may be acting strictly according to the rules of the company, and doing that and only that which, under its rules, he is authorized to do, it by no means follows that his conduct is rightful toward the passenger. Between himself and the company its rules will justify the conductor, but not so as between himself as the company’s representative and the passenger.
In the well considered case of Lake Erie, etc., R. W. Co. v. Fix, 88 Ind. 381, the passenger presented upon his return trip the going coupon of a round trip ticket, which, upon its face, did not entitle him to the passage, yet, it having been given to him by the company’s servant by mistake upon the first trip, he detaching the wrong coupon, the court held that upon explanation of these facts to the conductor the passenger was entitled to ride upon it.
So, too, in Pennsylvania Co. v. Bray, 125 Ind. 229, it was held that under such circumstances the conductor must heed the explanation of the passenger, or if he refuses to do so it is at the peril of the company to respond in damages if the passenger be in the right.
The first wrong was by appellant in failing to furnish appellee a ticket upon his reasonable demand therefor, and it must answer for all the consequences naturally following from that wrong.
The company can not be permitted to justify its own wrongful conduct by the fact that its servants were acting according to its directions or rules. Cherry v. Kansas City, etc., R. W. Co., 52 Mo. App. 499; Kansas City, etc., R. R. Co. v. Riley, 68 Miss. 765; Appleby v. St. Paul, etc., City R. W. Co., 55 N. W. Rep. 1117; Muckle v. Rochester R. W. Co., 79 Hun 32; Missouri, etc., R. *551 W. Co. v. Martino, 18 S. W. Rep. 1066; Texas, etc., R. W. Co. v. Dennis, 23 S. W. Rep. 400; Georgia R. W. Co. v. Dougherty, 86 Ga. 744.
Under these authorities, we are of opinion that it was the duty of the company either to provide appellee an opportunity to obtain a ticket or to make some provision by which he could pay his fare at the ticket rate upon the train. Neither was done; but he was ejected for his refusal to pay to the conductor the amount demanded, which was in excess of the ticket fare. This demand was wrongful and the passenger’s expulsion for refusal to comply with it was also wrongful.
Counsel seek to distinguish this case from the case of Chicago, etc., R. R. Co. v. Graham, supra, by the fact that the conductor here went only part of the way to Jonesboro, and was not authorized to accept the round trip fare. We are unable to see any distinction in principle. In this instance the passenger asked the conductor to do something which the rules of the company forbade him to do. So, also, in cases cited where the passenger tendered less than the regular cash fare or a ticket which, on it face, did not entitle the holder to the passage demanded, in all these cases the passenger asked and was held entitled to that which the company’s rules prohibited. The company could easily have provided for such cases by authorizing the conductor to issue a special check entitling the passenger to the round trip. Not having done so, it can not hide behind its failure to make reasonable provision for such a contingency.
As stated by counsel, the views of the court as to the sufficiency of the answer were adhered to in its instructions, evidence as to all the matters pleaded by the answer being received under the general denial. It is not necessary for us to consider the instructions in detail. 'The views of the law which we have already expressed *552 sufficiently dispose of those given and of the third, fourth and fifth instructions asked, which are the only ones of those asked to which counsel refer in argument.
Some exception is taken to the rule laid down by the court to ascertain the compensatory damages. The language of the trial court, however, strictly follows the cases of Chicago, etc., R. R. Co. v. Holdridge, 118 Ind. 281; Lake Erie, etc., R. W. Co. v. Fix, supra; Taber v. Hutson, 5 Ind. 322.
The jury returned a verdict for $1,000 in favor of the appellee, of which he was required by the court to remit-$500 or submit to a new trial.
It is insisted here that the damages were excessive and that in considering this question we should regard only the original amount of the verdict and not the reduced amount, because the court had no right to permit a remittitur in an action of this kind. In this view of the law we can not concur. Counsel rely upon the statement made in Terre Haute, etc., R. W. Co. v. Jarvis, 9 Ind. App. 438.
The court was there considering not a question of excessive damages, under a motion for new trial, but the effect of the exclusion of evidence and the power of the court to cure the error in that case by a remittitur. The language used should, of course, be limited and applied to the question under consideration.
Without reference, however, to this distinction the case and the authority upon which it is based does not purport to deal with the principle governing the trial court, but only with that which holds good in the appellate tribunal.
The right of the trial court to direct or permit a remission of a part of a verdict in cases where there is no definite standard by which to measure the damages, seems not to have been definitely determined in our State.
*553 In Cromwell v. Wilkinson, 18 Ind. 365, Judge Perkins expressed the opinion that such a remittitur would not aid the verdict, but that if too large as returned, a new trial should be granted. In the subsequent case of Carmichael v. Shiel, 21 Ind. 66, the same learned judge withdrew this holding and expressly left the question open for future consideration.
We have not been referred by counsel on either side to any Indiana c&se touching the proposition.
While there is some conflict of authority, the great preponderance of the decisions appears to favor the right of the courts to direct conditionally the remission of a part of the damages in such cases where they deem them excessive.
In the following, among others, the remittitur was ordered or permitted by the trial court, and its action held to be an appropriate exercise of its powers. Chicago, etc., R. W. Co. v. Des Lauriers, 40 Ill. App. 654; Union Rolling Mill Co. v. Gillen, 100 Ill. 52; Corcoran v. Harran, 55 Wis. 120; Doyle v. Dixon, 97 Mass. 208; Craig v. Cook, 28 Minn. 232; Hall v. Chicago, etc., R. R. Co., 46 Minn. 439; Little Rock, etc., R. W. Co. v. Barker, 39 Ark. 491; Blunt v. Little, 3 Mason 102.
In other cases the order has been made even by the appellate court. Kinsey v. Wallace, 36 Cal. 462; Collins v. City of Council Bluffs, 32 Iowa, 324; Lombard v. Chicago, etc., R. Co., 47 Iowa, 494; Kennon v. Gilmer, 5 Mont. 257; Murray v. Hudson, etc., R. R. Co., 47 Barb. 196; Howard v. Grover, 28 Me. 97.
In Elliott’s App. Proced., section 572, it is said: “We do not assert that the appellate tribunal may not require the successful party to elect to enter a remittitur or suffer a reversal, for that we believe may be done in any case, but we do assert that the appellate tribunal can not in ordinary cases of recoveries for personal injuries, or *554 the like, where an assessment of damages is made in gross, deny an election and absolutely direct what the recovery shall be.”
While we think it true that in such cases no court has the right to say absolutely what the damages shall be, we are unable to see any good reason why the trial court may not, if it believe the verdict right except as to the amount, in the exercise of a sound discretion, permit the plaintiff to elect whether he will remit ‘part of the damages or suffer a new trial, and if the remittitur is made the question then is whether or not the damages thus reduced are excessive.
While the amount of damages allowed seems to us quite large, we can not hold it excessive under the rule firmly established by our cases, some of which assert that we can not interfere upon this ground unless the amount is “so outrageous as to strike every one with its enormity and injustice, and so as to induce the court to believe that the jury must have acted from prejudice, partiality or corruption.” Lake Erie, etc., R. W. Co. v. Acres, 108 Ind. 548; Toledo, etc., R. W. Co. v. McDonough, 53 Ind. 289; Lake Erie, etc., R. W. Co. v. Fix, supra; Pittsburgh, etc., R. W. Co. v. Hennigh, 39 Ind. 509; Lake Erie, etc., R. W. Co. v. Arnold, 8 Ind. App. 297, and cases there cited.
Whether or not the negligent conduct of appellee, after his expulsion, was responsible for a portion of his injury, was for the jury to determine. Pittsburgh, etc., R. W. Co. v. Klitch, 11 Ind. App. 290, and cases cited.
There was no material error in refusing to permit proof that appellant had round trip tickets on sale at Bright-wood, and that the train stopped' there long enough for appellee to procure a ticket. It does not appear from the evidence offered or given that appellant knew how long, the train would stop there, and that he could procure *555 such a ticket there. Whether or not he would even then have been under any more obligation to leave the train and get such a ticket than-the appellant’s servants were to obtain one for him, we do not undertake to decide. It is enough to say that the evidence, even if admitted, would not have aided appellant.
Filed Jan. 17, 1895.
After a careful consideration of all the points advanced by- appellant’s learned counsel, we find no sufficient cause for reversal.
Judgment affirmed.
Ross, C. J., dissents.